0317-20344                                                                                          1331027

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANE SAVANT,** <br> **PLAINTIFF** | **CIVIL ACTION NO:  2:18-CV-00499** |
| **VERSUS** | **DISTRICT JUDGE:** <br> **HON. SUSAN MORGAN** |
| **MADERE & SONS TOWING, LLC, ET. AL,** <br> **DEFENDANTS** | **MAGISTRATE JUDGE:** <br> **HON. MICHAEL B. NORTH** |

## MAGNOLIA FLEET, LLC'S AND
## WILLIAM DANIEL WEIDNER, IV'S
## ANSWER TO PLAINTIFF'S COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come Defendants, Magnolia Fleet, LLC and William Daniel Weidner, IV ("Defendants") and respond to the Complaint filed by Shane Savant ("plaintiff"), as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred by the applicable period of prescription or statute of limitations, or laches.

### THIRD DEFENSE

**AND NOW,** without waiving any of the foregoing defenses, Defendants respond to the allegations of plaintiff's Complaint categorically and by paragraph as follows:

1.

It is admitted that William Daniel Weidner, IV is a resident of the state of Louisiana. It is admitted that Magnolia Fleet, LLC is a Louisiana business licensed to and doing business in the

state of Louisiana. The remainder of the allegations in Paragraph 1 do not pertain to these Defendants and no response is required. Except as expressly admitted, the allegations of Paragraph 1 are denied.

2.

The allegations contained in Paragraph 2 contain conclusions of law and require no response. To the extent a response is deemed necessary, the allegations are denied.

3.

The allegations of Paragraph 3 are denied.

4.

The allegations of Paragraph 4 are denied.

5.

The allegations of Paragraph 5 are denied.

6.

The allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 are denied.

8.

The allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied.

10.

The allegations of Paragraph 10, including subsections (1) through (9) are denied.  To the extent Paragraph 10 contains allegations concerning other defendants, the allegations do not require a response on the part of these Defendants.

11.

The allegations contained in Paragraph 11 are denied.

12.

The allegations contained in Paragraph 12, including subsections (a) through (h), are denied.

13.

The allegations contained in Paragraph 13 are denied.

14.

The allegations contained in Paragraph 14 are denied. It is expressly denied that Plaintiff was employed by the defendants and that he qualifies as a Jones Act seaman.

15.

The allegations contained in Paragraph 15 are denied. It is expressly denied that Plaintiff was employed by the defendants and that he qualifies as a Jones Act seaman.

16.

The allegations of Paragraph 16 are denied.

## **FOURTH DEFENSE**

It is expressly denied that the Black Pearl is a vessel as defined under the Supreme Court of the United States' decision in *Lozman vs. City of Riviera Beach*, 568 U.S. 115 (2013).

## FIFTH DEFENSE

Defendants deny the allegations of any unnumbered and/or misnumbered paragraphs, any allegations contained in the prayer for relief, and any allegations contained in the Complaint for Damages which have not heretofore been specifically addressed.

## SIXTH DEFENSE

The alleged accident claimed by plaintiff, and any claimed injuries and/or damages (if any), were the result of the fault and/or neglect of plaintiff, the particulars of which will be shown at the trial of this matter and which fault and/or neglect are pleaded as a bar to and/or in diminution of plaintiff's recovery herein.

## SEVENTH DEFENSE

Defendants specifically deny that they or anyone for whose actions they are or may be responsible in anyway, caused or contributed to the alleged accident claimed by plaintiff and any injuries, damages and/or losses resulting therefrom (if any); on the contrary, such alleged accident and claimed injuries and/or damages (if any) were caused by the fault and/or neglect of plaintiff and/or persons or parties for whom Defendants cannot be held responsible.

## EIGHTH DEFENSE

Defendants deny that the alleged accident claimed by plaintiff, and the claimed injuries and/or damages (if any), were caused or contributed to by any unsafe conditions caused or created by defendants, or by any equipment and/or conditions of such equipment and/or over an area, for which Defendants are or may be responsible.

## NINTH DEFENSE

Defendants aver that the plaintiff's alleged accident and/or claimed injuries and/or damages (if any) resulting therefrom were not a foreseeable consequence of any act or omission on the part of Defendants or anyone for whom Defendants may be held responsible.

## TENTH DEFENSE

Defendants aver that the plaintiff's alleged accident and any claimed injuries and/or damages resulting therefrom (if any), were the result of the usual and normal risks of plaintiff's occupation and/or were inherent in the activities being performed by plaintiff at the time of the alleged accident, which risks were assumed by plaintiff and which assumption of risk is pleaded as a bar to and/or in diminution of plaintiff's recovery herein.

## ELEVENTH DEFENSE

Defendants aver that plaintiff's claimed injuries and/or damages pre-existed and/or are otherwise unrelated to the alleged accident in suit.

## TWELFTH DEFENSE

Defendants aver that the plaintiff has failed to mitigate his damages and his recovery is thus herein defeated or mitigated.

## THIRTEENTH DEFENSE

Defendants are entitled to a set off from any recovery against it to the extent of any and all benefits or monies paid or payable to or on behalf of plaintiff from any sources.

## FOURTEENTH DEFENSE

Defendants aver that any negligence for which Defendants are allegedly responsible, such negligence being specifically denied, was in no way connected with the injuries for which plaintiff seeks recovery.

## FIFTEENTH DEFENSE

If the plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom Defendants are in no way responsible.

## SIXTEENTH DEFENSE

In the event Defendants are found responsible in any way to plaintiff, which is denied, Defendants aver that it is entitled to have the fault of plaintiff and the fault of any and all other parties and non-parties, quantified and allocated and any amounts found owing to plaintiff by Defendants be reduced to the extent of such fault.

## SEVENTEENTH DEFENSE

Defendants aver that plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which were neither caused nor aggravated by any act or omission by Defendants, thus barring or mitigating any recovery by plaintiff herein.

## EIGHTEENTH DEFENSE

Defendants specifically allege that plaintiff was not the employee of the defendants, and that plaintiff is not a Jones Act seaman as that term is defined under the Jones Act and the laws of the United States of America.

## NINETEENTH DEFENSE

Defendants aver that the plaintiff was not in the course and scope of employment or in the service of a vessel at the time of the events complained of and therefore plaintiff can have and make no recovery herein.

## TWENTIETH DEFENSE

Defendants aver that any damages allegedly sustained by plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which Defendants or any other person, party, or entity for which Defendants would be responsible, was not responsible.

## TWENTY-FIRST DEFENSE

In the alternative, subject to and without waiving the foregoing, Defendants specifically contend that defendants had no duty to provide plaintiff with a seaworthy vessel, and/or that such vessel was seaworthy in all manners and/or that Defendants provided plaintiff with a seaworthy vessel.

## TWENTY-SECOND DEFENSE

Defendants aver that plaintiff is not qualified for maintenance and cure benefits because he does not qualify as a Jones Act seaman.

## TWENTY-THIRD DEFENSE

Alternatively, Defendants aver that plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

## TWENTY-FOURTH DEFENSE

Further in the alternative, defendants aver that plaintiff injuries, if any, resulted from a condition that was open and obvious to plaintiff.

## TWENTY-FIFTH DEFENSE

If the plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of

plaintiff or others for whom Defendants are in no way responsible. Specifically, Defendants allege and aver that plaintiff, plaintiff's employer, plaintiff's supervisors, or others for whom Defendants were in no way responsible, were negligent, or at fault in the following particulars, but not limited thereto:

1. Failure to maintain a proper lookout;

2. Failure to see what he should have seen under the prevailing circumstance;

3. Failure to exercise reasonable care;

4. Failure to take proper precaution to avoid the alleged accident;

5. Failure to utilize safety measures available and/or instructions to prevent the accident; and

6. Any and all acts of negligence and/or assumptions of risk which will be proved at trial.

## TWENTY-SIXTH DEFENSE

In the further alternative, Defendants specifically allege and aver that any damages allegedly sustained by the plaintiff were due to a fortuitous event, an Act of God, or *force majeure* or other circumstances beyond Defendants' control or the responsibility of Defendants and were not proximately caused by any acts or omissions on the part of these Defendants or any other person, party or entity for whom they would be responsible.

## TWENTY-SEVENTH DEFENSE

In the alternative, Defendants aver that any and all injuries allegedly sustained by plaintiff, and any other potential claimants, occurred without their privity or knowledge and that the amount of damages sued for by the plaintiff exceeds the value of Defendants' interest in any vessel. Accordingly, defendant invokes the benefit of provisions of the United States Code, Revised Statutes of the United States of America and all acts amended thereof and supplement thereto in

limitation of the liability of ship owners, and in particular, the ship owner's limitation of liability, 46 U.S.C. § 30501, *et seq.*

## TWENTY-EIGHTH DEFENSE

Defendants expressly deny that William Daniel, IV owed any duty to or has any personal liability to plaintiff.

## TWENTY-NINTH DEFENSE

Defendants reserve their right to supplement, amend, or modify it affirmative defenses and answers to conform to such facts as may be revealed in discovery or otherwise.

**WHEREFORE,** the premises considered, defendants, Magnolia Fleet, LLC and William Daniel Weidner, IV pray that their Answer be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of defendants, Magnolia Fleet, LLC and William Daniel Weidner, IV, and against plaintiff, Shane Savant, dismissing his Complaint, at plaintiff's costs, and that defendants, Magnolia Fleet, LLC and William Daniel Weidner, IV be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted:

*/s/ Salvador J. Pusateri*

Salvador J. Pusateri, T.A. (#21036)
Aaron B. Greenbaum (#31752)
Rowen A. Fricker (#33135)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Rowen.Fricker@pjgglaw.com
ATTORNEYS FOR MAGNOLIA FLEET, LLC AND WILLIAM DANIEL WIEDNER, IV

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

_/s/ Salvador J. Pusateri_      ___